HOGAN LOVELLS US LLP
Michael M. Maddigan (Bar No. 163450)
David W. Skaar (Bar No. 265377)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.maddigan@hoganlovells.com

Attorneys for Defendants
UNITEDHEALTH GROUP INC.; UNITED HEALTHCARE SERVICES, INC.; UNITEDHEALTHCARE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DAVID TRUJILLO; DEANA HARDEN; on behalf of themselves and all others similarly situated,,<br><br>Plaintiffs,<br><br>v.<br><br>UNITEDHEALTH GROUP INC.; UNITED HEALTHCARE SERVICES, INC.; UNITEDHEALTHCARE INSURANCE COMPANY,<br><br>Defendants. | Case No. 5:17-cv-2547-JFW (KKx)<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER**<br><br>Judge: Honorable John F. Walter<br><br>Complaint Filed: December 27, 2017 |

Pursuant to the stipulation of Plaintiffs DAVID TRUJILLO AND DEANNA HARDEN, on the one hand, and Defendants UNITEDHEALTH GROUP, INC., UNITE HEALTHCARE SERVICES, INC. and UNITEDHEALTHCARE INSURANCE COMPANY, on the other, the Court orders as follows:

**1. Purposes and Limitations**

Discovery in this action is likely to involve production of confidential, proprietary, or private information (including, but not limited to, personal health information) for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

The parties further acknowledge that this Order does not govern the use of Confidential Material or Attorneys Eyes Only Material at trial. The use of such material at trial shall be governed by the orders of the trial judge.

**2. Good Cause Statement**

This action is likely to involve production of personal health information and other valuable commercial, financial, trade secret and/or proprietary business information for which special protection from public disclosure and restriction on its use for any purpose other than prosecution of this action is warranted. Such

confidential and proprietary material and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, confidential commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable and necessary use of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### 3. Designation of Confidential Material or Attorneys Eyes Only Material

A document constitutes or contains "Confidential Material" or "Attorneys Eyes Only Information" when it has been given that designation by the party producing it or by the party to whom the information relates ("the Designating Party"). A party or nonparty may designate documents or information as "Confidential Material" or "Attorneys Eyes Only Information" as follows:

    **a.** In the case of documents and information contained in documents, designation must be made by placing one of the following legends, as applicable, on each page of the document before production**:**

    **"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER"**

**"ATTORNEYS EYES ONLY SUBJECT TO PROTECTIVE ORDER"**

    **b.**    In the case of discovery responses and information contained in discovery responses, designation must be made by (i) placing a statement at the start or end of the responses specifying that the responses, or part of the responses, are designated Confidential Material or Attorneys Eyes Only Material, and (ii) placing one of the following legends, as applicable, on each page (including the caption page) of any discovery response containing designated Confidential Material**:**

**"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER"**
**"ATTORNEYS EYES ONLY SUBJECT TO PROTECTIVE ORDER"**

    **c.**    In the case of depositions and hearings, designation of the portions of the transcript (including exhibits) that contain Confidential Material or Attorneys Eyes Only Material must be made by the Designating Party by: (i) making a statement to that effect on the record in the course of the deposition or hearing; or (ii) sending a letter to all counsel within the time permitted for the review and signing of the deposition by the witness (in the event of a deposition) or within 45 days of receipt of the transcript of the hearing (in the event of a hearing). Once designated, the original and each copy of the transcript that contains Confidential Material or Attorneys Eyes Only Material must bear (or must be modified by counsel to bear) one of the following legends on its cover:

**"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER"**
**"ATTORNEYS EYES ONLY SUBJECT TO PROTECTIVE ORDER"**

    **4.**    **For purposes of this Order, "Confidential Material" includes the following types of documents and information:**

    **a.**    information that is proprietary or constitutes a trade secret, including, without limitation, information, materials, and other documents reflecting non-public business or financial strategies and confidential competitive information that, if disclosed, could result in prejudice or harm to the disclosing

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

party;

      **b.**    non-public financial projections, analyses, or studies;

      **c.**    non-public communications with regulators, Departments of Insurance, or other governmental bodies that are intended to be kept confidential or are protected from disclosure by statute or regulation; and

      **d.**    policyholder-specific information, including private medical information.

**4.1**    Any copies or reproductions, excerpts, summaries, or other documents or media that contain or incorporate Confidential Material as defined above will also be treated as Confidential Material under this Order.

**4.2**    Nothing in this Order will be construed as requiring Defendant to produce any personal or identifying information regarding any individual or any policyholder, nor policyholder information that is protected from disclosure under applicable state or federal law.

**5.**    For purposes of this Order, "Attorneys Eyes Only Material" is any Confidential Material which belongs to a designating Party who believes in good faith that the disclosure of such information to another Party or non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

**6.**    **Use of Confidential Material and Attorneys Eyes Only Material**

Confidential Material and Attorneys Eyes Only Material may be used solely for the purpose of conducting this litigation and not for any other purpose whatsoever.

      **a.**    **Disclosure of Confidential Material.**  For the purpose of conducting this litigation, Confidential Material may be used by, copied by, exhibited to, or disclosed to the following persons or entities only:

      1.    The parties to this action, and those officers, directors, partners, members, employees and agents of all non-designating parties that

counsel for such parties deems necessary to aid counsel in the prosecution and defense of this action; provided, however, that prior to the Disclosure of Confidential Material to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

    2. The parties' outside counsel and their respective employees;

    3. In-house counsel to the undersigned parties and the paralegal, clerical and secretarial staff employed by such counsel; provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be disclosed other than pursuant to its terms;

    4. Any percipient witness from whom testimony is taken or will be taken in this action, except that the witness may be shown copies of Confidential Material only during his or her testimony and in preparation for the testimony, and only to the extent that counsel disclosing the Confidential Material deems relevant to the testimony. The witness may not retain any Confidential Material;

    5. Consultants, experts, and investigators employed by the parties or their attorneys in the prosecution or defense of any aspect of this litigation;

    6. Court reporters used in connection with this action and their employees; and

    7. The Court and its staff.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

**b. Disclosure of Attorneys Eyes Only Material.** For the purpose of conducting this litigation, Attorneys Eyes Only Material may be used by, copied by, exhibited to, or disclosed only to the persons or entities described in paragraph 6(a)(2), (3), (5), (6), and (7), and to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; provided, however, that prior to the Disclosure of Attorneys Eyes Only Material to any in-house counsel, consultant, expert, investigator, or court reporter, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

**7.** No disclosure of Confidential Material or Attorneys Eyes Only Material may be made to any consultants, experts or investigators until that person has executed an "Understanding and Agreement" in the form attached as Exhibit A. With respect to each such individual who receives Confidential Material or Attorneys Eyes Only Material, Exhibit A must be fully executed by such individual and retained by counsel for the party disclosing the Confidential Material or Attorneys Eyes Only Material.

**8.** All persons described in paragraph 6 – except the Court and its personnel – who receive Confidential Material or Attorneys Eyes Only Material are prohibited from disclosing any portion of Confidential Material or Attorneys Eyes Only Material to any other person, or from using any information obtained from the Confidential Material or Attorneys Eyes Only Material, except as permitted by this stipulation. The parties acknowledge that this stipulation does not apply to the handling of Confidential Material or Attorneys Eyes Only Material by the Court and its personnel.

**9.** Nothing in this stipulation prevents the use of information that is publicly available.

**10.** Any motion papers, briefs, memoranda, affidavits, declaration, exhibits, transcripts, or other papers filed with the Clerk of the Court that contain any Confidential Material or Attorneys Eyes Only Material must comply with the procedures for filing documents under seal set forth in Local Rules 79-5, 79-6, 79-7 and Judge John Walter's Standing Order entered December 29, 2017, and any subsequently enacted amendments thereto. Confidential Material and Attorneys Eyes Only Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Confidential Material or Attorneys Eyes Only Material at issue. If a party's request to file Confidential Material or Attorneys Eyes Only Material under seal is denied by the Court, then the party receiving the Confidential Material or Attorneys Eyes Only Material may file the information in the public record unless otherwise instructed by the Court.

**11.** A party's inadvertent failure to designate disclosed materials as Confidential Material or Attorneys Eyes Only Material does not waive its right to do so and may be remedied by prompt written notice upon discovery of the error, in which case the material in question will be subject to the protections of this Order.

**12.** Notwithstanding anything to the contrary in this stipulation, any party may use the following documents or information without restriction, regardless of whether they have been designated as Confidential Material or Attorneys Eyes Only Material:

    a. its own documents or information;

    b. documents or information concerning or reflecting transactions or communications to which it is a party; and

    c. documents or information developed or obtained independently of discovery in this action.

**13.** This stipulation applies with equal force to any and all copies, extracts, compilations, summaries, and oral recitation of Confidential Material or Attorneys Eyes Only Material.

**14.** Within sixty days of final termination of this action, or sooner if so ordered by this Court, counsel for the party receiving any Confidential Material or Attorneys Eyes Only Material must transmit all such material (including all copies) to counsel for the Designating Party, or certify in writing that all such material has been destroyed.

**15.** A party is not obligated to challenge the propriety of a confidentiality designation at the time it is made. Failure to do so does not preclude a subsequent challenge to the designation. In the event that counsel for a party receiving documents, testimony or information in discovery designated pursuant to this Order objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific documents, testimony or information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate documents, testimony or information pursuant to any or all of the Designation Objections and/or (b) subject to and in compliance with Local Rules 37-1 and 37-2, file a motion with the Court seeking to uphold any and all designations on documents, testimony or information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the documents, testimony or information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such documents, testimony or information shall be de-designated in accordance with the Designation Objection applicable to such material.

**16.** Any dispute concerning the application of this Order will be heard by the Court upon motion by any party, provided that any such motion must comply with Local Rules 37-1 and 37-2.

**17.** If any Party has obtained Confidential Material or Attorneys Eyes Only Material under the terms of this Order and receives a request to produce such material by subpoena or other compulsory process commanding the production of such material, the Party must promptly (within 3 business days) notify the Designating Party, including in such notice the date set for the production of such subpoenaed information and, unless prohibited by applicable law, enclosing a copy of the subpoena or other form of process. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena or court order issued in another action.

**18.** The parties agree that this stipulation binds them regardless of whether the Order is signed by the Court, unless the Court enters a different protective order in place of this stipulation.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: April 18, 2018

_Kenly_ _____
Honorable Kenly Kiya Kato
Magistrate Judge

# EXHIBIT A

# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Trujillo, et al. v. UnitedHealth Group Incorporated, et al.*, Case No. 5:17-CV-2547-JFW (KKx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

[PROPOSED] PROTECTIVE ORDER – CASE NO. 5:17-CV-2547-JFW (KKX)