GIANELLI & MORRIS, ALC
Robert S. Gianelli (#82116)
Joshua S. Davis, (#193187)
Adrian J. Barrio (#219266)
550 South Hope Street, Suite 1645,
Los Angeles, CA  90071
Tel: (213) 489-1600
Fax: (213) 489-1611
Rob.gianelli@gmlawyers.com
Joshua.davis@gmlawyers.com
Adrian.barrio@gmlawyers.com

Attorneys for Plaintiffs, DAVID TRUJILLO,
DEANNA HARDEN, on behalf of themselves
And all others similarly situated

HOGAN LOVELLS US LLP
Michael M. Maddigan (Bar No. 163450)
David W. Skaar (Bar No. 265377)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel:  (310) 785-4600
Fax:  (310) 785-4601
michael.maddigan@hoganlovells.com
david.skaar@hoganlovells.com

Attorneys for all Defendants

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TRUJILLO; DEANNA HARDEN; on behalf of themselves and all others similarly situated<br><br>          Plaintiff,<br><br>     v.<br><br>UNITEDHEALTH GROUP INC.; UNITED HEALTHCARE SERVICES INC.; and UNITEDHEALTHCARE INSURANCE COMPANY;<br><br>          Defendants. | Case No.: 5:17-cv-2547- JFW (KKx)<br><br>**DECLARATION OF JULIE SWANSON REGARDING MAILING OF NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND FINAL APPROVAL HEARING** |

I, JULIE SWANSON, hereby declare:

1.  I am a Senior Consultant of Class Actions at Kurtzman Carson Consultants LLC ("KCC"). My business address is 3301 Kerner Boulevard, San Rafael, California 94901. I am familiar with, and have personal knowledge of, the matters stated in this declaration and am competent to testify about them if called upon to do so.

2.  KCC was appointed by the Court to act as the Settlement Administrator in connection with the proposed settlement of the above-captioned action as its authorized agent to effect mailing of the Class Notice to potential Class Members.[1]

## **MAILING OF NOTICE**

3.  On August 9, 2019, Defense Counsel provided KCC with a list of 681 unique names and addresses of potential Class Members.

4.  On August 22, 2019, Defense Counsel provided KCC with a list of an additional 146 unique names and addresses of potential Class Members.

5.  On August 22, 2019, pursuant to the Preliminary Approval Order, dated July 19, 2019, KCC mailed copies of the Class Notice to each of the 827 Class Members via first-class mail, postage prepaid. A sample of the Class Notice is attached hereto as Exhibit A.

6.  As of October 30, 2019, 44 Class Notices were returned by the United States Postal Service as undeliverable. Twenty-six (26) Class Notices have been re-mailed based on updated addresses through address searches performed by KCC.

7.  As a result of the efforts described above, as of October 30, 2019, KCC has mailed a total of 853 Class Notices.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in the Order Granting Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), dated July 19, 2019.

**DECLARATION OF JULIE SWANSON REGARDING MAILING OF NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND FINAL APPROVAL HEARING**

## CAFA MAILING

8.      In compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1715, KCC compiled a CD-ROM containing the following documents: 1) Class Action Complaint for Benefits, Determination of Rights and Breach of Fiduciary Duty Under ERISA, 2) Defendants United HealthCare Services, Inc. and UnitedHealthcare Insurance Company's Answer to Complaint, 3) Defendant UnitedHealth Group Incorporated's Answer to Complaint, 4) First Amended Complaint for Benefits, Determination of Rights and Breach of Fiduciary Duty Under ERISA, 5) Defendant UnitedHealth Group Incorporated's Answer to First Amended Complaint, 6) Defendant United HealthCare Services, Inc. and UnitedHealthcare Insurance Company's Answer to First Amended Complaint, 7) Order Granting Motion for Preliminary Approval of Class Action Settlement, 8) Joint Notice of Settlement, 9) Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement; Memorandum of Points and Authorities, 10) Declaration of Robert S. Gianelli ISO Plaintiffs Notice for Preliminary Approval of Approval of Class Action Settlement, 11) Long Form Notice, 12) Claim Form, 13) Settlement Agreement and Mutual Release, 14) Order Dismissing Defendant UnitedHealth Group Incorporated Without Prejudice, 15) [Proposed] Final Order Approving Class Action Settlement and Judgment, a Class List, and a cover letter (collectively, the "CAFA Notice Packet"). A copy of the cover letter is attached hereto as Exhibit B.

9.      On August 30, 2019, KCC caused 57 CAFA Notice Packets to be mailed via Priority Mail to the parties listed on Exhibit C, *i.e.*, the U.S. Attorney General, the Attorneys General of each of the 50 States in which Class Members reside and the District of Columbia, and Attorneys General for all 5 US Territories.

**DECLARATION OF JULIE SWANSON REGARDING MAILING OF NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND FINAL APPROVAL HEARING**

10.     On October 21, 2019, KCC mailed a letter to each of the 57 Attorneys General identified in paragraph 9 above, providing notice of the Final Approval Hearing date change.  A copy of the letter is attached hereto as Exhibit D.

11.     As of October 30, 2019, KCC has received no response to the CAFA Notice Packet or Final Approval Hearing date change from any of the recipients identified in paragraph 9 above.

## TELEPHONE HOTLINE

12.     Beginning on or before August 21, 2019, KCC established and continues to maintain a toll-free telephone number (1-866-576-7781) to accommodate Class Members with questions about the Settlement. The telephone hotline connects potential Class Members to a live operator on weekdays between 9am and 8pm ET. As of October 30, 2019, KCC has received a total of 25 calls to the telephone hotline.

## REPORT ON EXCLUSION REQUESTS RECEIVED TO DATE

13.     The Class Notice informed potential Class Members that requests for exclusion were to be mailed to Trujillo v UnitedHealthcare Settlement Administrator, c/o KCC Class Action Services, EXCLUSIONS, 3301 Kerner Blvd, San Rafael, CA 94901, postmarked no later than September 26, 2019.  The Class Notice also sets forth the information that must be included in each request for exclusion. As of October 30, 2019, KCC has received no requests for exclusion.

## OBJECTIONS

14.     The Class Notice informed potential Class Members that they can object to the Settlement or any part of it by writing to Trujillo v UnitedHealthcare Settlement Administrator, c/o KCC Class Action Services, OBJECTIONS, 3301 Kerner Blvd, San Rafael, CA 94901, setting out their objections such that they are filed or

**DECLARATION OF JULIE SWANSON REGARDING MAILING OF NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND FINAL APPROVAL HEARING**

1  postmarked no later than September 26, 2019. To date, KCC has not received any

2  objections from the Class.

3

4  I declare under penalty of perjury under the laws of the United States and the State of

5  Minnesota that the foregoing is true and correct.

6  Executed this 30th day of October, 2019, in Lakeville, Minnesota.

7

8  *Julie Swanson*

9  Julie Swanson

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF JULIE SWANSON REGARDING MAILING OF NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND FINAL APPROVAL HEARING**

# Exhibit A

Trujillo v UnitedHealthcare Settlement Administrator
c/o KCC Class Action Services
P.O. Box 43208
Providence, RI 02940-3208

## UIT

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

# If you had a pre-service or post-service claim for a prosthetic limb denied by UnitedHealthcare, you could receive benefits from a class action settlement.

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- UnitedHealthcare has agreed to provide additional information in its denial letters when it denies a request for a prosthetic limb device or component on the grounds that the device exceeds the minimum specifications for your needs.

- Notice of adverse benefit determination will now: Identify the denied items (by code or description), specifically explain why they are denied, and specifically identify an alternative component or components.

- If the denial of component(s)/code(s) would not result in a fully functional device, the notice of adverse determination will now explain that the remainder of the request would have been covered but for the inclusion of the denied component, and could be covered if resubmitted with alternative covered components/codes. If denial of component(s)/code(s) would still result in a fully functional device, the notice of adverse benefit determination will provide that the remainder of the request is approved.

- The notice of adverse determination will offer to have the treating prosthetist participate in a "peer to peer" consultation with a United physician reviewer, at the discretion of the prescribing physician, and indicate that the treating providers can request a consultation with a certified prosthetist acting on behalf of UnitedHealthcare, if available.

- When UnitedHealthcare denies a prosthetic request or claim because it includes miscellaneous billing codes, on the grounds that incomplete information was submitted with the claim, UnitedHealthcare's notice of adverse determination will provide a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary.

- Class Members who are current UnitedHealthcare members may make a new request for coverage for the previously requested device or component. UnitedHealthcare will review any such requests under the terms of the member's current United plan and, if the request is denied in whole or in part, UnitedHealthcare will respond to the request with an adverse benefit determination letter as set forth above.

- Class Members who are current or former United members who paid out-of-pocket for the denied device or denied component can seek reimbursement.

- Court-appointed lawyers for the class of UnitedHealthcare members will ask the Court for up to $1,525,000 in attorney fees and costs to be paid separately by UnitedHealthcare for investigating the facts, litigating the case, and negotiating the settlement.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **DO NOTHING** | If you do nothing, you will remain a Class Member and you will be able to seek reimbursement for out-of-pocket expenses incurred for prosthetic limb denials. |
| **EXCLUDE YOURSELF** | If you choose to exclude yourself, you will lose the ability to seek coverage for the prior prosthetic limb denial under the terms of the settlement, but you can bring your own lawsuit. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **APPEAR THROUGH AN ATTORNEY** | If you desire, you may enter an appearance in this case through an attorney at your own expense. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Benefits under the settlement will be provided if the Court approves the settlement, if any appeals relating to the settlement are resolved, and after claim forms and supporting documentation are provided.  Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................................................................ **4**

1.     Why did I get this notice package? ............................................................................ 4

2.     What is this lawsuit about? ........................................................................................ 4

3.     Why is this a class action? ........................................................................................ 4

4.     Why is there a settlement? ........................................................................................ 4

**WHO IS IN THE SETTLEMENT?** ............................................................................... **4**

5.     How do I know if I am part of the settlement? .......................................................... 4

6.     I'm still not sure if I'm included ............................................................................... 5

**THE SETTLEMENT BENEFITS—WHAT YOU GET** ................................................ **5**

7.     What does the settlement provide? ........................................................................... 5

**HOW YOU GET AUTHORIZATION FOR A PROSTHETIC LIMB OR SEEK REIMBURSEMENT FOR A PRIOR PROSTHETIC LIMB** .............................................. **5**

8.     How do I seek reimbursement for a prior requested prosthetic limb? ...................... 5

9.     How can I get authorization for a future prosthetic limb? ........................................ 6

10.    What am I giving up to stay in the Class? ................................................................. 6

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ........................................... **6**

11.    How do I get out of the settlement? .......................................................................... 6

12.    If I do not exclude myself, can I sue UnitedHealthcare for the same thing later? ..... 6

13.    If I exclude myself, can I get benefits from this settlement? .................................... 6

**THE LAWYERS REPRESENTING YOU** ................................................................... **7**

14.    Do I have a lawyer in this case? ............................................................................... 7

15.    How will the lawyers get paid? ................................................................................ 7

**OBJECTING TO THE SETTLEMENT** ....................................................................... **7**

16.    How do I tell the Court I don't like the settlement? ................................................. 7

17.    What is the difference between objecting and excluding? ........................................ 7

**THE COURT'S FAIRNESS HEARING** ...................................................................... **8**

18.    When and where will the Court decide whether to approve the settlement? ............. 8

19.    Do I have to come to the hearing? ............................................................................ 8

20.    May I speak at the hearing? ...................................................................................... 8

**GETTING MORE INFORMATION** ............................................................................ **8**

21.    Are there more details about the settlement? ............................................................ 8

**IMPORTANT DATES** .................................................................................................. **8**

22.    What are the important dates and deadlines relating to this settlement? ................... 8

## BASIC INFORMATION

| | |
|---|---|
| **1.** | **Why did I get this notice package?** |

You are or were covered under an ERISA-governed plan issued or administered by UnitedHealthcare, and previously had a either a pre-service authorization request or post-service claim for a prosthetic limb device or component denied under a provision in your United Plan that provides that if more than one prosthetic device can meet the member's functional needs, benefits are available only for the prosthetic device that meets the minimum specifications for the member's needs (or the most cost-effective device) ("Minimum Specifications Limitation").

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all your options, before the Court decides whether to approve the settlement.  This package explains the lawsuit, the settlement, your legal rights, what benefits may be available to you, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Central District of California, and the case is known as *David Trujillo and Deanna Harden v. UnitedHealth Group, Inc., et al.,* Case No. SACV 17-2547-JFW (KKx)

| | |
|---|---|
| **2.** | **What is this lawsuit about?** |

This lawsuit concerns whether United improperly failed to identify an alternative device when it denied requests for prosthetic limbs under the Minimum Specifications Limitation from December 27, 2014 through July 19, 2019.

| | |
|---|---|
| **3.** | **Why is this a class action?** |

In a class action lawsuit, one or more people, called the "Class Representatives" (in this case, David Trujillo and Deanna Harden), sue on behalf of other people who allegedly have a similar claim. The people together are a "Class" or "Class Members."  Mr. Trujillo and Ms. Harden—and all the Class Members like them— are called the "Plaintiffs". The companies they sued (in this case, UnitedHealthcare Services, Inc. and UnitedHealthcare Insurance Company [collectively referred to as "UnitedHealthcare" or "United"]) are called the "Defendants". One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable John F. Walter is in charge of this class action.

| | |
|---|---|
| **4.** | **Why is there a settlement?** |

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to a settlement. That way, they avoid the cost and risk of a trial, and Class Members may be entitled to reimbursement. The Class Representatives and the attorneys think the settlement is best for everyone whose claims for prosthetic limbs have been denied under the Minimum Specifications Limitation.

## WHO IS IN THE SETTLEMENT?

To see if you will get relief from the settlement, including potential monetary benefits, you first have to decide if you are a Class Member.

| | |
|---|---|
| **5.** | **How do I know if I am part of the settlement?** |

The Court decided that everyone who fits the following description is a Class Member under this settlement:

> All persons whose claims for prosthetic limb devices or components have been denied on the basis of the Minimum Specifications Limitation under an ERISA-governed plan issued or administered by UnitedHealthcare, including both fully insured and self-insured plans, at any time from December 27, 2014 through July 19, 2019, and who are mailed this Notice.

| 6. | I'm still not sure if I'm included |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can call 1- 866-576-7781 and ask the Settlement Administrator for further information to help you determine whether you are a Class Member.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

| 7. | What does the settlement provide? |
|---|---|

UnitedHealthcare is changing how it responds in writing when it denies prosthetic limb requests under the Minimum Specifications Limitation.

Notice of adverse benefit determination will now: Identify the denied items (by code or description), specifically explain why they are denied, and specifically identify an alternative component or components.

If the denial of component(s)/code(s) would not result in a fully functional device, the notice of adverse determination will explain that the remainder of the request would have been covered but for the inclusion of the denied component/code, and could be covered if resubmitted with alternative covered components. If denial of component(s)/code(s) would still result in a fully functional device, the notice of adverse benefit determination will provide that the remainder of the request is approved.

The notice of adverse determination will offer to have the treating prosthetist participate in a "peer to peer" consultation with a United physician reviewer, at the discretion of the prescribing physician, and indicate that the treating providers can request a consultation with a certified prosthetist acting on behalf of United, if available.

When United denies a prosthetic request or claim because it includes miscellaneous billing codes, on the grounds that incomplete information was submitted with the claim, United's notice of adverse determination will provide a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary.

Class Members whose claims for prosthetic limbs were denied under the Minimum Specifications Limitation during the relevant time period and who paid out-of-pocket for the requested device may make a claim for reimbursement.

Reimbursement claims for Class Members who are no longer covered under a plan issued or administered by UnitedHealthcare will be capped at $22,500 per person, with an estimated aggregate cap of $175,000.00 for all such claims.

Class Members who have yet to pay out-of-pocket for a prosthetic device or component and are covered under a plan issued or administered by UnitedHealthcare may make a reprocessing request for coverage for the previously denied device or component.

Any adverse determination letters will comply with the terms set forth above.

Persons who have not paid out of pocket for a prosthetic device or components, and are no longer covered under a plan issued or administered UnitedHealthcare cannot make a new request for a prosthetic device, but they release no claims.

## HOW YOU GET AUTHORIZATION FOR A PROSTHETIC LIMB OR
## SEEK REIMBURSEMENT FOR A PRIOR PROSTHETIC LIMB

| 8. | How do I seek reimbursement for a prior requested prosthetic limb? |
|---|---|

If your request or claim for a prosthetic limb was denied under the Minimum Specifications Limitation during the relevant time period, under a plan issued or administered by UnitedHealthcare, and you paid out-of-pocket for the prosthetic device or component, you can make a claim for reimbursement by submitting the claim form that will be mailed following final approval and by providing the information requested therein.

**9.      How can I get authorization for a future prosthetic limb?**

To receive authorization for a future prosthetic limb, you will request the authorization from UnitedHealthcare under the procedures outlined in your current health plan issued or administered by UnitedHealthcare.  This does not apply to former United members.

**10.      What am I giving up to stay in the Class?**

Unless you exclude yourself, you will be releasing UnitedHealthcare from the following: any and all claims, causes of action, judgments, liens, indebtedness, costs, damages, obligations, attorneys' fees, losses, claims, liabilities and demands of whatever kind or character (each "a Claim") whether representative, class, or individual in nature, that are, were, or could have been asserted for a prosthetic limb device or component that was denied by United under the Minimum Specifications Limitation. Released Claims do not include any claims for reimbursement or claims for re-review, as described below, that are denied after the Final Fairness Hearing. Released Claims also do not include any claim by a Class Member who did not pay out-of-pocket for a prosthetic limb device or component, and is currently not covered by a United plan.

It also means that all of the Court's orders will apply to you and legally bind you.  Staying in the Class does not prevent you from suing on your own for any denial of Prosthetic Limb requests made in the future.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to be included in this settlement but you want to keep the right to sue or continue to sue UnitedHealthcare on your own about the legal issues in this case, then you must take steps to get out of this case.  This is called excluding yourself ("opting out") from the settlement Class.

**11.      How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail clearly stating that you want to be excluded from *David Trujillo and Deanna Harden v. UnitedHealth Group, Inc.* Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request, postmarked no later than September 26, 2019, to:

Trujillo v UnitedHealthcare Settlement Administrator
c/o KCC Class Action Services
EXCLUSIONS
3301 Kerner Blvd
San Rafael, CA 94901

If you ask to be excluded, you cannot get any benefits under the settlement, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.

**12.      If I do not exclude myself, can I sue UnitedHealthcare for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue UnitedHealthcare for a previous denial of a request for authorization or claim for reimbursement for a prosthetic limb device or component under the Minimum Specifications Limitation.  If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is September 26, 2019.  This lawsuit, however, does not resolve any disputes you may have with UnitedHealthcare over any denial of coverage for a prosthetic limb device or component in the future.

**13.      If I exclude myself, can I get benefits from this settlement?**

No.  If you exclude yourself, you will not be able to seek coverage for expenses incurred for a prior prosthetic limb request through the settlement.  But, you may sue, continue to sue, or be part of a different lawsuit against UnitedHealthcare.

## THE LAWYERS REPRESENTING YOU

| | |
|---|---|
| **14.** | **Do I have a lawyer in this case?** |

Yes.  The court appointed the following attorneys as Class Counsel:  Robert S. Gianelli and Joshua S. Davis of Gianelli & Morris, and Conal Doyle of Doyle Law.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| | |
|---|---|
| **15.** | **How will the lawyers get paid?** |

Class Counsel will ask the Court for attorneys' fees and costs up to $1,525,000 and a payment of $15,000 to Class Representative David Trujillo and $15,000 to Class Representative Deanna Harden.  The fees would pay Class Counsel for their fees and expenses in investigating the facts, litigating the case, and negotiating the settlement.  The Court may award less than these amounts.  UnitedHealthcare will pay the fees, expenses, and incentive that the Court awards. These amounts will not reduce the relief available to Class Members.  UnitedHealthcare has agreed not to oppose these fees and expenses.  UnitedHealthcare will also separately pay the costs to administer the settlement.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

| | |
|---|---|
| **16.** | **How do I tell the Court I don't like the settlement?** |

If you are a Class Member, you can object to the settlement if you don't like any part of it.  The Court will consider your views.  To object, you must send a letter saying that you object to the settlement in *David Trujillo and Deanna Harden v. UnitedHealth Group, Inc.*  The letter must include your name, address, telephone number, your signature, and the specific reasons (if any) for each objection, including any legal support you wish to bring to the Court's attention, and any evidence or other information you wish to submit.  If you intend to appear at the fairness hearing, either in person or through counsel hired at your expense, your objection must state that as well.

You must mail the objection, postmarked no later than September 26, 2019, to the Settlement Administrator, as follows:

Trujillo v UnitedHealthcare Settlement Administrator
c/o KCC Class Action Services
OBJECTIONS
3301 Kerner Blvd
San Rafael, CA 94901

If your objection does not comply with the above requirements, your objection may be deemed waived and you may be barred from raising your objection in this lawsuit or any other proceeding.

| | |
|---|---|
| **17.** | **What is the difference between objecting and excluding?** |

Objecting is simply telling the Court that you do not like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

| 18. | When and where will the Court decide whether to approve the settlement? |
|---|---|

The Court will hold a fairness hearing at 1:30 p.m. on November 18, 2019 in Courtroom 7A of the United States District Court, located at 50 W. 1st Street, Los Angeles, CA 90012. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. The Court will also decide how much to award to Class Counsel and the Class Representative. We do not know how long these decisions will take.

| 19. | Do I have to come to the hearing? |
|---|---|

No. Class Counsel will answer questions the Court may have. But you are welcome to come, at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| 20. | May I speak at the hearing? |
|---|---|

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter stating that it is your "Notice of Intention to Appear in *David Trujillo and Deanna Harden v. UnitedHealth Group, Inc.*" Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than October 7, 2019 and be sent to the Settlement Administrator at the address stated above in response to question 16. You cannot speak at the hearing if you have excluded yourself from the Class.

## GETTING MORE INFORMATION

| 21. | Are there more details about the settlement? |
|---|---|

This notice summarizes the proposed settlement. More details are available in the settlement agreement. You can get a copy of the settlement agreement by requesting a copy from the Settlement Administrator at the address stated above in response to question 16.

## IMPORTANT DATES

| 22. | What are the important dates and deadlines relating to this settlement? |
|---|---|

| Deadline | Event |
|---|---|
| August 22, 2019 | Class Counsel will file a motion for approval of attorneys' fees and costs and request for a service award for the Class Representative. |
| September 26, 2019 | Last day to submit a request for exclusion from the proposed Settlement |
| September 26, 2019 | Last day to serve Class Counsel and UnitedHealthcare with objections to the proposed settlement |
| October 7, 2019 | Last day to file Notice of Intent to Appear |
| November 18, 2019 | Final Fairness Hearing |

Dated: August 22, 2019

Honorable David Carter
United States District Court Judge

# Exhibit B



3301 Kerner Boulevard      415.798.5900   PHONE
San Rafael, CA 94901       415.892.7354   FAX
                           kccllc.com

August 30, 2019

VIA PRIORITY MAIL

«First» «Last»
«Company»
«Address_1»
«Address_2»
«City», «State»  «Zip»

   Re: Notice of Proposed Class Action Settlement Pursuant to 28 U.S.C. § 1715

Dear «First» «Last»:

  HOGAN LOVELLS US LLP represents United Healthcare Services, Inc. and UnitedHealthcare Insurance Company ("United") in a class action lawsuit entitled *David Trujillo; Deanna Harden; on behalf of themselves and all others similarly situated, v. UnitedHealthcare Insurance Company*, Case No. 5:17-cv-02547-JFW-KK.  The lawsuit is pending before the Honorable John F. Walter in the United States District Court for the Central District of California.  This letter is to advise you that Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement in connection with this class action lawsuit on June 18, 2019.  On July 19, 2019, the Court issued its Order preliminarily approving the settlement.

| | |
|---|---|
| **Case Name:** | *Trujillo, et al., v. United Healthcare Services, Inc., et al.* |
| **Case Number:** | 5:17-cv-02547-JFW-KK |
| **Jurisdiction:** | United States District Court, Central District of California |
| **Date Settlement Filed with Court:** | June 18, 2019 |

  United denies any wrongdoing or liability whatsoever but has decided to settle this action solely in order to eliminate the burden, expense, and uncertainties of further litigation.  In compliance with 28 U.S.C. § 1715(b), the following documents referenced below are included on the CD that is enclosed with this letter:

  1. **28 U.S.C. § 1715(b)(1) – Complaint and Related Materials:**  Copies of the *Complaint for Benefits, Determination of Rights and Breach of Fiduciary Duty Under ERISA, Defendants United Healthcare Services, Inc. and UnitedHealthcare Insurance Company's Answer to Complaint, Defendant Unitedhealth Group Incorporated's Answer to Complaint, First*



«First» «Last»
August 30, 2019
Page 2

Amended Complaint for Benefits, Determination of Rights and Breach of Fiduciary Duty Under ERISA, Defendant Unitedhealth Group Incorporated's Answer to First Amended Complaint, and Defendants United Healthcare Services, Inc. and UnitedHealthcare Insurance Company's Answer to First Amended Complaint are included on the enclosed CD.

2.  **28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:**  On July 19, 2019, the Court issued its *Order Granting Motion for Preliminary Approval of Class Action Settlement.*  The Court has scheduled a final fairness hearing for November 18, 2019 at 1:30 p.m. Pacific before the Honorable John F. Walter.  Copies of the *Order Granting Motion for Preliminary Approval of Class Action Settlement, Joint Notice of Settlement, Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement; Memorandum of Points and Authorities,* and *Declaration of Robert S. Gianelli in Support of Plaintiffs Notice of Motion and Motion for Preliminary Approval of Class Action Settlement* are included on the enclosed CD.

3.  **28 U.S.C. § 1715(b)(3) – Notification to Class Members:**  Copies of the *Long Form Notice* and *Claim Form* to be provided to the class are included on the enclosed CD.

4.  **28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:**  A copy of the *Settlement Agreement and Mutual Release* is included on the enclosed CD.

5.  **28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreement:**  As of August 30, 2019, no other settlement or agreement has been entered into by the parties to this Action, either directly or by and through their respective counsels.

6.  **28 U.S.C. § 1715(b)(6) – Final Judgment**:  No Final Judgment has been reached as of August 30, 2019.  On March 14, 2019, the Court issued its *Order Dismissing Defendant Unitedhealth Group Inc. Without Prejudice*.  Copies of the *Order* and *[Proposed] Final Order Approving Class Action Settlement and Judgment* are included on the enclosed CD.

7.  **28 U.S.C. § 1715(b)(7)(A)-(B) – Names of Class Members/Estimate of Class Members:**  Pursuant to 28 U.S.C. § 1715(b)(7)(A), a list of known class member names and their States of residence is included on the enclosed CD.  Pursuant to 28 U.S.C. § 1715(b)(7)(B), it is estimated that there are 827 known individuals in the class.

8.  **28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to the Settlement:**  As the proposed Settlement is still pending final approval by the Court, there are no other opinions available at this time.  As of August 30, 2019, there has been no written judicial opinion related to the settlement.



«First» «Last»
August 30, 2019
Page 3

       If for any reason you believe the enclosed information does not fully comply with 28 U.S.C. § 1715, please contact KCC immediately at either (415) 798-5969 or jchernila@kccllc.com so that Defendants can address any concerns or questions you may have.

       Thank you.

                              Sincerely,


                              */s/*
                              Daniel Burke
                              Executive Vice President

Enclosure – CD

# Exhibit C

| | Last | First | Company |
|---|---|---|---|
| 1 | Barr | William P. | Attorney General of the United States |
| 2 | Clarkson | Kevin | Office of the Alaska Attorney General |
| 3 | Marshall | Steve | Office of the Alabama Attorney General |
| 4 | Rutledge | Leslie | Arkansas Attorney General Office |
| 5 | Brnovich | Mark | Office of the Arizona Attorney General |
| 6 | CAFA Coordinator | | Office of the Attorney General |
| 7 | Weiser | Phil | Office of the Colorado Attorney General |
| 8 | Tong | William | State of Connecticut Attorney General's Office |
| 9 | Racine | Karl A. | District of Columbia Attorney General |
| 10 | Jennings | Kathy | Delaware Attorney General |
| 11 | Moody | Ashley | Office of the Attorney General of Florida |
| 12 | Carr | Chris | Office of the Georgia Attorney General |
| 13 | Connors | Clare | Office of the Hawaii Attorney General |
| 14 | Miller | Tom | Iowa Attorney General |
| 15 | Wasden | Lawrence | State of Idaho Attorney General's Office |
| 16 | Raoul | Kwame | Illinois Attorney General |
| 17 | Hill, Jr. | Curtis T. | Indiana Attorney General's Office |
| 18 | Schmidt | Derek | Kansas Attorney General |
| 19 | Beshear | Andy | Office of the Kentucky Attorney General |
| 20 | Landry | Jeff | Office of the Louisiana Attorney General |
| 21 | Healey | Maura | Office of the Attorney General of Massachusetts |
| 22 | Frosh | Brian | Office of the Maryland Attorney General |
| 23 | Frey | Aaron | Office of the Maine Attorney General |
| 24 | Nessel | Dana | Office of the Michigan Attorney General |
| 25 | Keith Ellison | Attorney General | Attention: CAFA Coordinator |
| 26 | Schmitt | Eric | Missouri Attorney General's Office |
| 27 | Hood | Jim | Mississippi Attorney General's Office |
| 28 | Fox | Tim | Office of the Montana Attorney General |
| 29 | Stein | Josh | Office of the North Carolina Attorney General |
| 30 | Stenehjem | Wayne | North Dakota Office of the Attorney General |
| 31 | Peterson | Doug | Office of the Nebraska Attorney General |
| 32 | MacDonald | Gordon | New Hampshire Attorney General |
| 33 | Grewal | Gurbir S. | Office of the New Jersey Attorney General |
| 34 | Balderas | Hector | Office of the New Mexico Attorney General |
| 35 | Ford | Aaron | Nevada Attorney General |
| 36 | James | Letitia | Office of the New York Attorney General |
| 37 | Yost | Dave | Ohio Attorney General |
| 38 | Hunter | Mike | Oklahoma Office of the Attorney General |
| 39 | Rosenblum | Ellen F. | Office of the Oregon Attorney General |
| 40 | Shapiro | Josh | Pennsylvania Office of the Attorney General |
| 41 | Noranha | Peter F. | Rhode Island Office of the Attorney General |
| 42 | Wilson | Alan | South Carolina Attorney General |
| 43 | Ravnsborg | Jason | South Dakota Office of the Attorney General |
| 44 | Slatery, III | Herbert H. | Tennessee Attorney General and Reporter |
| 45 | Paxton | Ken | Attorney General of Texas |
| 46 | Reyes | Sean | Utah Office of the General Attorney |
| 47 | Herring | Mark | Office of the Virginia Attorney General |
| 48 | Donovan | TJ | Office of the Attorney General of Vermont |
| 49 | Ferguson | Bob | Washington State Office of the Attorney General |
| 50 | Kaul | Josh | Office of the Wisconsin Attorney General |
| 51 | Morrisey | Patrick | West Virginia Attorney General |
| 52 | Hill | Bridget | Office of the Wyoming Attorney General |
| 53 | Ale | Talauega Eleasalo V. | American Samoa Attorney General |
| 54 | Camacho | Leevin Taitano | Office of the Attorney General, ITC Building |
| 55 | Manibusan | Edward | Northern Mariana Islands Attorney General |
| 56 | Longo Quinones | Dennise N. | Puerto Rico Attorney General |
| 57 | George | Denise N. | Virgin Islands Attorney General, Department of Justice |

# Exhibit D

Trujillo v UnitedHealthcare CAFA
P.O. Box 43034
Providence, RI  02940-3034



**X57**

«FirstNAME» «LastNAME»
«ADDR1» «ADDR2»
«CITY», «STATE»  «ZIP»
«COUNTRY»

October 21, 2019

Re:     Supplemental Notice of Proposed Class Action Settlement Pursuant to 28 U.S.C. § 1715

Dear «First» «Last»:

HOGAN LOVELLS US LLP represents UnitedHealthcare Services, Inc. and UnitedHealthcare Insurance Company ("United") in a class action lawsuit entitled *David Trujillo; Deanna Harden; on behalf of themselves and all others similarly situated, v. UnitedHealthcare Insurance Company*, Case No. 5:17-cv-02547-JFW-KK.  The lawsuit is pending before the Honorable John F. Walter in the United States District Court for the Central District of California.  This letter is to advise you that the Final Fairness Hearing that was previously scheduled for November 18, 2019 has been rescheduled for 1:30 p.m. on December 2, 2019 in Courtroom 7A of the above-referenced Court.

|  |  |
|---|---|
| **Case Name:** | *Trujillo, et al., v. UnitedHealthcare Services, Inc., et al.* |
| **Case Number:** | 5:17-cv-02547-JFW-KK |
| **Jurisdiction:** | United States District Court, Central District of California |
| **Date Settlement Filed with Court:** | June 18, 2019 |

If you have any concerns, please contact KCC immediately at either (415) 798-5969 or jchernila@kccllc.com so that Defendants can address any concerns or questions you may have.

Thank you.

Sincerely,

/s/
Daniel Burke
Executive Vice President